UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VIZGRAND INC., ROBERT DENHA,
ANTHONY DENHA,

        Plaintiffs,

                                              Case Number 07-13430-BC
v.                                          Honorable Thomas L. Ludington

SUPERVALUE HOLDING, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING PLAINTIFFS TO SHOW CAUSE

Plaintiffs Vizgrand Incorporated (Vizgrand), Robert Denha, and Anthony Denha, on August 16, 2007, filed a complaint, supported by the affidavit of Plaintiff Anthony Denha, and an *ex parte* motion seeking a temporary restraining order preventing arbitration in Minnesota between Plaintiff Vizgrand and Defendant Supervalue Holding, Inc. from proceeding. The Court has reviewed Plaintiffs' submissions and finds that Plaintiffs have not made a showing required to obtain *ex parte* relief.

I.

Plaintiffs are two individuals and a corporation, owned by those two individuals. According to Plaintiffs, Plaintiff Vizgrand and Defendant entered into a contract for Defendant to supply Plaintiff Vizgrand with inventory for and to provide inventory financing on a grocery store that Plaintiff Vizgrand would open. Plaintiffs now allege that Defendant's representatives made misrepresentations that amounted to fraud in the inducement. In particular, Plaintiffs contend that, in its market analysis, Defendant failed to account for a competitor grocery store that Defendant participated in opening within four miles from the site of Plaintiffs' store, which allegedly resulted

in the loss of 30% of Plaintiff Vizgrand's customer base. One of the agreements entered into by Plaintiff Vizgrand and Defendant, as attached to Plaintiffs' complaint, provides for arbitration in Minnesota for any dispute or claim regarding that agreement. Plaintiffs also acknowledge that litigation relating to these circumstances is currently ongoing in Oakland County Circuit Court and Midland County Circuit Court. After Plaintiffs' store was shut down, Defendant initiated arbitration in Minnesota, which is set for August 21-22, 2007.

Plaintiffs filed an *ex parte* motion for a temporary restraining order. Plaintiffs allege that they will suffer irreparable harm unless a temporary restraining order is issued (1) because arbitration proceedings may result in adverse factual determinations from which Plaintiffs Robert and Anthony Denha would be collaterally estopped from challenging and (2) because Plaintiff Vizgrand may be prevented from seeking relief for alleged fraud in the inducement of a contract. In support of their *ex parte* motion of August 16, 2007, Plaintiffs provided an affidavit reiterating many of the same factual allegations as the other filings, signed by Plaintiff Anthony Denha and notarized on August 1, 2007.

On August 17, 2007, Defendant filed a response to Plaintiffs' *ex parte* motion for a temporary restraining order. Defendant alleges that Plaintiffs served the motion on counsel at his former law firm, despite having contacted him the preceding day in his current employment situation. Additionally, Defendant responded that Plaintiffs have filed, in the instant proceeding, claims essentially identical to its counterclaims in the proceeding in Midland County Circuit Court. That court issued an order on March 12, 2007 that stayed trial there, pending the arbitration proceedings between Plaintiff Vizgrand and Defendant in Minnesota. Regarding the arbitration

proceedings, Defendant maintains that the date for those proceedings was established as of April 25, 2007.

II.

In their prayer for relief, Plaintiffs request, *inter alia*, a temporary restraining order and a preliminary injunction. Plaintiffs provide no allegation that notice was given or actually received by Defendant or its representatives. Yet, Defendant has filed a response, the existence of which indicates that it has received a copy of Plaintiffs' pleadings. Additionally, Plaintiffs have provided no indication that they have provided any security for any costs or damages incurred by a party who might be found to be wrongfully enjoined.

> Federal Rule of Civil Procedure 65(b), in relevant part, states:
>
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the Court in writing the efforts, if any, which have been made to give the notice and the reason supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

"Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). In this case, none of the pleadings contain facts or reasons "supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Nor are there sufficient factual allegations establishing that

irreparable harm may result "before the adverse party or that party's attorney can be heard in opposition." *Id.*

Knowledge of the arbitration proceedings does not appear to be a recent development for Plaintiffs or Defendant. Also, Plaintiffs allege only that adverse factual determinations *may* be reached, not that the arbitration proceedings will foreclose or prevent Plaintiff Vizgrand from raising any challenges in that forum that may be relevant. Further, Plaintiff Anthony Denha was able to prepare an affidavit in support of the instant motion on August 1, 2007. That Plaintiffs took no action until over two weeks later suggests a lack of immediacy to their concern. In addition to the lack of any immediacy, however, nothing in Plaintiffs' pleadings shows their efforts to provide notice to Defendant or any reason from being excused for not providing notice. A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). Nothing offered by Plaintiffs shows that type of emergent harm here. Finally, Plaintiffs have provided no security, as required by Federal Rule of Civil Procedure 65(c), for any costs or damages sustained by Defendant, were a restraining order to issue wrongfully.

Plaintiffs may be entitled to some relief. On the present record, however, the Court finds that the drastic remedy of granting a temporary restraining order without reasonable notice is not justified.

Separately, no party has considered the implication for the instant litigation of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies in a limited fashion to "cases brought by

state-court losers complaining of injuries caused by state-court judgments . . . ." *ExxonMobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). *See also Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006) ("Appellate review – the type of judicial action barred by *Rooker-Feldman* – consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.") (citation omitted). In particular, this doctrine applies equally to interlocutory, as well as to final, state court judgments, including attempts to challenge a state court's decision to stay proceedings pending arbitration. *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458 (6th Cir. 2003); *see also* Thomas D. Rowe, Jr. and Edward L. Baskauskas, "Inextricably Intertwined" Explicable at Last? *Rooker-Feldman* Analysis of the Supreme Court's *Exxon Mobil* Decision," 1 Federal Courts. L. R. 367, 388-390 (2006).

Because the existence of federal subject matter jurisdiction turns on whether the *Rooker-Feldman* doctrine bars this Court from acting in review of a decision apparently previously reached by a state court, i.e., the imposition of a stay of proceedings pending arbitration, Plaintiffs will be required to show cause why the case should not be dismissed.

III.

Accordingly, it is **ORDERED** that Plaintiffs' motion for a temporary restraining order [dkt #2] is **DENIED.**

It is further **ORDERED** that Plaintiffs **SHOW CAUSE** in writing on or before **September 4, 2007** why this case should not be dismissed for lack of subject matter jurisdiction, under the *Rooker-Feldman* doctrine.

                                       s/Thomas L. Ludington  
                                       THOMAS L. LUDINGTON  
                                       United States District Judge

Dated: August 21, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 21, 2007.

                                           s/Tracy A. Jacobs
                                           TRACY A. JACOBS